## EASTMAN *v.* N. Y. LIFE INS. CO.

The New York statute of 1872 (*c.* 100, *s.* 1), authorizing any life insurance company to distribute its surplus "either in cash, in reduction of premium, or reversionary insurance," gives the right of electing either of those modes of distribution, not to the assured, but to the company.

ASSUMPSIT, for a dividend of surplus. Facts found by the court.

*S. C. Eastman*, for the plaintiff.

*Chase & Streeter*, for the defendants.

DOE, C. J. December 18, 1880, the plaintiff paid the defendants a premium of $350.50, and received from them a policy, in which it was recited that, as a part of the consideration, a premium of $350.50 should be paid on or before the 18th day of December in every year during the continuance of the policy, and unless the premium should be paid when due, the policy should become void, and all payments previously made should be forfeited to the company, and no action or right of action should remain to or be maintained against the company by the assured, or any other person, by virtue of the policy. The plaintiff has paid nothing but the first premium. His application contains a stipulation "that in any distribution of surplus, the principles and methods which may be adopted by the company for such distribution, and its determination of the amount equitably belonging to any policy which

may be issued under this application, shall be and are hereby ratified and accepted." The defendants were authorized "to ascertain at any given time, and from time to time, the proportion of surplus accruing to each policy from the date of the next succeeding premium payment, and to distribute the proportion found to be equitable, either in cash, in reduction of premium, or reversionary insurance . . . at the next succeeding date of such payment." Laws of New York, 1872, c. 100, s. 1.

When the second premium was due, December 18, 1881, the defendants had ascertained that "the proportion of surplus accruing to" the plaintiff's policy from that date would be $41.39 if allowed "in reduction of premium," and would be $89.24 if allowed in "reversionary insurance." Exercising their power of distributing the surplus, they gave each policy-holder a right to elect in which of those two methods of distribution he would receive his dividend. The dividend accruing to the plaintiff's policy was not made payable in cash, and his contract did not entitle him to cash. If his dividend was placed to his credit on the defendants' books, it was not thereby released from the conditions prescribed by the contract as to mode of payment. Other defences need not be considered.

*Judgment for the defendants.*

ALLEN J., did not sit; the others concurred.